IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYLER C. FRICK,

                Plaintiff,　　　　　　　　　　OPINION AND ORDER

  v.

                                        24-cv-772-wmc

U.S. DEPARTMENT OF JUSTICE,
KRISTEN CLARKE, LISA MONACO,
BENJAMIN MIZER, BOBAK TALEBIAN,
REBECCA BOND, EMILY ROSS, and
MICHAEL HOROWITZ,

                Defendants.

---

Plaintiff Tyler Frick, who represents himself, claims that the United States Department of Justice ("DOJ") and seven of its senior-level employees failed to respond to, or otherwise take action on, his complaints alleging violations of the Americans with Disabilities Act ("ADA"). (Dkt. #1, at 5.) Because Frick seeks to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). While the court accepts Frick's allegations as true and construes them generously, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), holding him to a "less stringent standard" in crafting pleadings as a *pro se* plaintiff, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), his lawsuit is nonetheless subject to dismissal because plaintiff has wholly failed to state a claim over which this court has subject matter jurisdiction.

BACKGROUND

Frick describes himself as "legally mentally disabled" because he has been diagnosed with "severe bipolar I disorder, generalized anxiety disorder . . . attention deficit hyperactivity disorder[,] and panic attacks." (Dkt. #1, at 5 and Dkt. #7.) From the allegations in the complaint, Frick apparently began filing complaints alleging violations of the ADA with the DOJ in early July of 2024. (Dkt. #1, at 5.) Specifically, Frick emailed DOJ employees, including Assistant Attorney General for Civil Rights Kristen Clarke, to ask for information on any adverse action being taken because of his complaints, but never received any substantive response. (*Id*.) Instead, Frick would receive "form emails that blandly said '[w]e will not be pursuing your complaint.'" (*Id*. at 6.)

Frick further alleges that he knows Clarke and these other DOJ employees read his messages, because his emails "never bounce back[,]" and they are "completely oblivious to [his] desperate pleas for assistance" as a result. (*Id*. at 5) Finally, based on defendants' "negligence, recklessness, and multiple wrongful actions" in not pursuing any of his complaints, Frick alleges that he has experienced mental anguish and loss of time for which he seeks $6,500 in compensatory damages and $10,000 in punitive damages. (*Id*.)

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, *or* raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th

Cir. 2009). Further, because its jurisdiction is limited, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Moreover, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03. Accordingly, the court must first analyze whether Frick's claims give rise to federal question or diversity jurisdiction before proceeding further.

I. Federal Question Jurisdiction

As an initial matter, Frick purports to allege federal question jurisdiction exists under four statutes or provisions of the United States Constitution: (1) Section 504 of the Rehabilitation Act of 1973; (2) the ADA; (3) the Civil Rights Act of 1964; and (4) the Equal Protection Clause of the Fourteenth Amendment. However, *none* give rise to any cause of action that Frick can bring against defendants.

*First*, Section 504 of the Rehabilitation Act does not permit Frick to sue the DOJ or any of its employees for money damages as a result of disability discrimination "under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). Indeed, in the absence of an *express* waiver of sovereign immunity, the court cannot conclude that Congress "waived the Federal Government's immunity against monetary damages awards beyond the narrow category of [Section] 504(a) violations committed by federal funding agencies acting as such." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see also McRaniels v. U.S. Dep't of Veterans Affairs*, No. 15-cv-802-wmc, 2017 WL 2259622, at *4 (W.D. Wis. May 19, 2017).

*Second*, Title II of the ADA -- which prohibits disability discrimination by public entities -- does *not* apply to the federal government. 42 U.S.C. § 12131(1) (defining "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49"); *see also Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000). Thus, even if the court somehow construed Frick's claim as arising under Title I of the ADA, which only applies to the employment context, the federal government is not subject to those provisions. 42 U.S.C. § 12111(5)(B)(i).

*Third*, mental health or disability is not a protected category or class under any provision of the Civil Rights Act of 1964 that could conceivably apply to Frick's claim. *See* 42 U.S.C. § 2000a(a) (Title II prohibits discrimination "on the ground of race, color, religion, or national origin); 42 U.S.C. § 2000b (Title III prohibits discrimination on account of "race, color, religion, or national origin"); 42 U.S.C. § 2000d (Title VI prohibits discrimination "on the ground of race, color, or national origin"). Accordingly, even construing his complaint broadly, none of these provisions -- and Frick does not specify which might somehow apply to his claim -- give rise to a cause of action against defendants.

*Fourth*, and finally, to state an equal protection claim, Frick needs to allege that defendants mistreated him because of a protected characteristic. *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019). However, physical and mental disabilities are not protected characteristics under the Equal Protection Clause. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 367 (2001); *City of Cleburne, Tex.*

*v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985). Accordingly, he cannot state an equal protection claim either.

In short, the U.S. Department of Justice and its employees have absolute discretion in deciding what claims to bring on behalf of the government or private citizens like plaintiff. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Indeed, in light of the department's limited resources, a federal court will not interfere in the exercise of that discretion absent extreme circumstances, none of which are alleged or inferable on the facts here. *Id.*[1]

## II. Diversity Jurisdiction

Frick only identifies potential federal claims, but he also fails to allege facts that could conceivably give rise to diversity jurisdiction. As a threshold matter, the United States or its agencies cannot be sued in diversity. *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991). While Frick fails to allege the citizenship of any individual defendant, even if the parties in this case meet the requirements of full diversity under 28 U.S.C. § 1332, Frick does not provide any indication that the amount in controversy exceeds $75,000. Rather, he only identifies $16,500 in damages. (Dkt. #1, at 5.)

Finally, to the extent that Frick is asking the court to order defendants to provide

---

[1] In any case, Frick's potential constitutional claims against the individual defendants would fall under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because they are federal employees. Remedies under *Bivens* are limited, and the Supreme Court has only recognized claims under three circumstances: (1) Fourth Amendment search and seizure claims as discussed in *Bivens*; (2) Fifth Amendment due process claims involving gender discrimination, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) Eighth Amendment deliberate indifference claims for inadequate medical treatment, *Carlson v. Green*, 446 U.S. 14 (1980). None of Frick's allegations fit into those categories.

him with a response or act on his complaints, the court cannot enter an injunction, permanent or temporary, when it lacks subject matter jurisdiction to hear his case at all. *See Nottleson v. A.O. Smith Corp.*, 397 F. Supp. 928, 933 (E.D. Wis. 1975) ("[W]here there is no underlying cause of action over which the district court has primary jurisdiction, it may not entertain an application for an injunction.").

Although the court understands that Frick may be experiencing some stress and anxiety arising out of his correspondence with defendants, he simply cannot proceed on any of his claims of liability in federal court. Moreover, while the Seventh Circuit generally cautions against dismissing a self-represented plaintiff's case without giving him the chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), the court cannot conceive of any basis on which this court would have any legal basis to second-guess the civil, much less criminal, complaint that the U.S. Justice Department might choose to investigate, pursue or even informally respond. Thus, the court will dismiss this lawsuit with prejudice.

## ORDER

IT IS ORDERED that plaintiff Tyler Frick's complaint (dkt. #1) is DISMISSED with prejudice.

Entered this 16th day of December, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge