IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

TYLER C. FRICK,

                Plaintiff,                OPINION AND ORDER

   v.

                                                24-cv-772-wmc

U.S. DEPARTMENT OF JUSTICE,
KRISTEN CLARKE, LISA MONACO,
BENJAMIN MIZER, BOBAK TALEBIAN,
REBECCA BOND, EMILY ROSS, and
MICHAEL HOROWITZ,

                Defendants.
---

      In a previous order, this court dismissed plaintiff Tyler Frick's claims against the United States Department of Justice and seven of its senior-level employees. Frick had alleged that defendants failed to respond to, or otherwise take action on, his numerous complaints to them alleging disability discrimination and violations of the Americans with Disabilities Act and Rehabilitation Act. However, Frick's original complaint was dismissed because: (1) his Rehabilitation Act claims for monetary damages were barred by sovereign immunity; (2) his ADA claims could not be brought against a federal agency or federal employees; and (3) his allegations did not support a discrimination claim under either the Civil Rights Act or Equal Protection Clause. (Dkt. #13.) Frick filed a motion for reconsideration, which the court granted, permitting Frick to file an amended complaint, which he has now done.

      In his amended complaint, Frick abandons all of his claims for monetary relief and instead seeks only injunctive relief under the Rehabilitation Act. Specifically, he seeks a court order requiring DOJ to respond to his messages and complaints about disability and civil rights violations. But even though Frick has address some of the problems identified in this court's previous order, he still fails to address one of the primary problems with his claim against the

DOJ and its employees: "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). This is particularly true where Frick cannot point to any specific provision in the Rehabilitation Act that would require a federal agency to respond to all complaints of disability discrimination, let alone to bring any action based on such complaints. Instead, whether and how to engage in communications, as well as investigative and enforcement actions "often involves a complicated balancing of a number of factors which are peculiarly within [the agency's] expertise." *Id*. at 831. Such factors include resource constraints and policy priorities. *Id*. *See also United States v. Texas*, 599 U.S. 670, 678 624 (2023) ("[T]he Executive Branch possesses authority to decide 'how to prioritize and how aggressively to pursue legal actions against defendants who violate the law.'")

In sum, because the DOJ and its employees have discretion in deciding how to respond to complaints and what claims to bring on behalf of the government, Frick cannot state a claim under the Rehabilitation Act to challenge their failure to respond to his complaints in a certain way. This case will be dismissed, and Frick's miscellaneous motions will be denied as moot.

ORDER

IT IS ORDERED that:

1) Plaintiff Tyler Frick's amended complaint (dkt. #20) is DISMISSED with prejudice.

2) Plaintiff's motions for preliminary injunction (dkt. #21), representation by protection and advocacy services (dkt. #22), status (dkt. #24) and consolidated relief/clarification (dkt. #25) are DENIED as moot.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 11th day of July, 2025.

         BY THE COURT:

         /s/

         _____
         WILLIAM M. CONLEY
         District Judge